IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:11 cr 42 |
| | ) | |
| GLEN STEPHEN DELLIBOVI, | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS AND MOTION REGARDING ACCEPTANCE OF RESPONSIBILITY**

The United States of America, by and through its counsel, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, and Laura P. Tayman, Assistant United States Attorney, files this position with respect to sentencing factors indicating that the United States does not object to the factual content of the Presentence Report and concurs in the calculation of the advisory sentencing guidelines.

**1.     Motion Regarding Acceptance of Responsibility**

The United States moves this Court pursuant to U.S.S.G. §3E1.1(b), as indicated in the Presentence Report, to grant an additional one-level reduction in the offense level for acceptance of responsibility.  The government states that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and allowing the United States and the Court to allocate their resources efficiently.

**2.     Eligibility for a Sentence Below the Statutory Mandatory Minimum**

The defendant GLEN STEPHEN DELLIBOVI has accepted responsibility for conduct comprising the offense of conviction.  During debriefings with DEA agents, the defendant has

truthfully provided all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or common scheme. Accordingly, the United States concurs with the United States Probation Officer that the defendant qualifies for a sentence without regard to the applicable 10 year statutory mandatory minimum sentence which would otherwise apply. The United States further concurs that the defendant is eligible for the additional two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(11), lowering his advisory sentencing guidelines range to 70 - 87 months.

**3.     Position Regarding Sentencing Factors**

Defendant negotiated with a cooperating witness and an undercover DEA agent to obtain 5 or more kilograms of cocaine in Costa Rica. After procuring the cocaine, the defendant delivered the cocaine to a cooperating witness for the purpose of using the undercover DEA agent to smuggled the cocaine from Costa Rica into the United States. Law enforcement officials in Costa Rica physically observed the defendant deliver the cocaine to the cooperating witness and video recorded the transaction. Agents in Costa Rica then email to DEA counterparts in the United States detailed pictures of the packages of cocaine distributed by the defendant. The undercover agent continued to negotiate with the defendant for transportation fees to import the cocaine from Costa Rica to the United States. Agents in the United States created a package extremely similar in appearance to the cocaine distributed in Costa Rica and placed a representative sample of cocaine into the package. The defendant GLEN STEPHEN DELLIBOVI was arrested after he took custody of the package from the undercover DEA agent. The offense committed by the defendant is a serious offense.

When sentencing a defendant a district court must consider any applicable statutory mandatory sentence, the advisory sentencing guideline range and other relevant sentencing factors

as outlined in 18 U.S.C. § 3553(a). *United States v. Hughes,* 401 F.3d 540, 546 (4th Cir. 2005) (*citing United States v. Booker,* 543 U.S. 220 (2005). These factors include the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The defendant has received reductions for acceptance of responsibility and his lack of criminal history. Nonetheless, the defendant, who is 47 years of age, knowingly engaged in a serious criminal offense. He has a history of drug and alcohol abuse, accordingly the United States recommends that the defendant receive substance abuse treatment while incarcerated in the Bureau of Prisons. A sentence within the advisory sentencing guidelines range will reflect the seriousness of the crime, promote respect for the law, protect the public from further criminal activity by this defendant, and provide just punishment.

The United States urges this Court to impose a sentence within the advisory sentencing guidelines range in this case.

    Respectfully submitted,

    Neil H. MacBride
    UNITED STATES ATTORNEY

By:     /s/
       Laura P. Tayman
       Assistant United States Attorney
       Virginia State Bar No. 39268
       Attorney for the United States
       United States Attorney's Office
       721 Lakefront Commons, Suite 300
       Newport News, VA 23606
       Office Number - 757-591-4000
       Facsimile Number - 757-591-0866
       Email - laura.tayman@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2011, I electronically filed the foregoing Position of the United States with respect to Sentencing Factors and Motion regarding Acceptance of Responsibility in the Record with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

John A. Rockecharlie, Esq.
Attorney for GLEN STEPHEN DELLIBOVI
1919 Huguenot Road, Suite 300
Richmond, VA 23235
Telephone - (804) 379-1900
E-mail - jrockecharlie@bowenlawfirm.com

Michael Handwerker, Esq.
Attorney for GLEN STEPHEN DELLIBOVI
280 Madison Avenue, Suite 1202
New York, NY 10016
Telephone - (212) 679-1330
Facsimile - (212)779-2469
E-mail - mhandwerker@ghlawnynj.com

I further certify that on this 17th day of November, 2011 I caused a true and correct copy of the foregoing Position of the United States with respect to Sentencing Factors and Motion Regarding Acceptance of Responsibility to be mailed to the following non-filing user:

Darryl A. Upshur
United States Probation Officer
United States Probation Office
U.S. Courthouse, Suite 200
600 Granby Street
Norfolk, VA 23510

    /s/
Laura P. Tayman
Assistant United States Attorney
Virginia Bar No. 39268
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300

                721 Lakefront Commons
                Newport News, VA 23606
                Office Number - 757-591-4000
                E-Mail Address - laura.tayman@usdoj.gov