**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                    **Docket #: 4:11 cr 42**

**GLENN DELLIBOVI**

**DEFENDANT'S POSITION TO SENTENCING FACTORS**

Comes now, the defendant, by counsel, and states his position with regard to sentencing factors in this matter:

1.  Defendant has reviewed the facts as set forth in the presentence report and does not have any additions or corrections to make to the report.  Defendant has also reviewed the discretionary sentencing guidelines as prepared by the probation officer and has no objections to the calculations.  The defendant prays this Honorable Court will adopt the guidelines as calculated by the probation officer.

2.  The Court, in this post- *Booker* era, must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing as set forth in 18 USC Section 3553.  The overriding principles and purposes of sentencing are in part:

1.  Provide just punishment and respect for law.
2.  Deterrence.
3.  Protecting the public.
4.  Rehabilitation.

3.      In reviewing the overriding principles and purposes of sentencing as set forth in 18 USC 3553 and to arrive at a sentence that is sufficient, but not greater than necessary to achieve these purposes, defendant argues a sentence at the low end of the

guidelines would be sufficient to provide appropriate punishment, deter the defendant from committing other criminal acts, protect the public and rehabilitate this defendant.

4.      The defendant hit rock bottom in the latter part of 2010.  He was living in Costa Rico, his fishing charter business was on the rocks and he was consuming drugs and alcohol.  Through this drug and alcohol induced haze, he latched onto the idea that one big score would correct all his economic and personal problems.  It was this lopsided mindset that led him to the waiting arms of the undercover DEA agent.

It should be noted that originally, in his first conversation with the undercover agent, the defendant only wanted to import two kilos of cocaine.  The defendant negotiated with the undercover agent, who insisted that he must import a larger amount, before they agreed on the amount for which defendant has accepted responsibility.  If the defendant was before the Court on the amount of drugs that the he originally planned to bring into the United States, the sentencing guideline range would be 57 months to 71 months.  The top range of that scenario overlaps with the guidelines in this case.

The facts in this matter do not reveal any acts of violence or use of firearms.  He has sincerely accepted his responsibility and is remorseful for the pain that his actions has caused, and will cause, his family.  His mother is his only surviving family member and he prays that he will finish his sentence while she is still with us.

WHEREFORE defendant prays this Honorable Court will accept the sentencing guidelines as calculated by the probation officer of 70 to 87 months and sentence the defendant to 70 months in the Bureau of Prisons.  A sentence of 70 months will provide respect for the law, be deterrence to others, protect the public and give the defendant an opportunity to rehabilitate himself.

Respectfully Submitted,

GLENN DELIBOVI


By:_____/S/_____
                Counsel

John A. Rockecharlie, Esquire
VSB 27701
Bowen, Champlin, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
(804) 379-1900
Facsimile (804) 379-5407
Jrockecharlie@bowenlawfirm.com

Michael Handwerker, Esq.
New York Bar # 3791
Attorney for Defendant Glen Stephen Dellibovi
Goldstein & Handwerker, LLP
280 Madison Avenue, Suite 1202
New York, New York 10016
(212)679-1330
(212)779-2469 Facsimile
MHandwerker@GHLAWNYNJ.com

## CERTIFICATE

I hereby certify that I have this the 21st day of November, 2011, I electronically filed the foregoing Position on Sentencing with the Clerk of the Court using the CM/ECF system which will send electronic notification to:

Laura Tayman, Esq.
Assistant United States Attorney
Office of the United States Attorney
Fountain Plaza Three
Suite 300
721 Lakefront Commons
Newport News, Virginia 23606

and

I further certify that a true and exact copy of the foregoing Position on Sentencing was mailed, and sent via electronic mail to the following non-filing user:

Darryl Upshur, Probation Officer
United States Probation Office
United States Courthouse, Suite 200
600 Granby Street
Norfolk, Virginia 23510


_____/s/_____
John A. Rockecharlie, Esquire
VSB 27701
Bowen, Champlin, Carr, Foreman & Rockecharlie
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235
(804) 379-1900
Facsimile (804) 379-5407
Jrockecharlie@bowenlawfirm.com